# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

REGINALD BURGESS
          Plaintiff,

v.

SUZANNE LAUNI, ET AL

          Defendants.

CASE NO. SACV 11-545 AG (MLGx)

**O R D E R** DENYING MOTION TO VACATE ORDER OF JUNE 27, 2011 AND RECUSE FROM CASE

Before the Court is a Motion for Recusal of Judge Andrew Guilford filed by Plaintiff Reginald Burgess ("Plaintiff") in the above-captioned case ("Motion for Recusal") (Docket 157.) Pursuant to Local Rule 72-5, the request was referred to this Court for determination (Docket 158). The Court finds this matter to be appropriate for decision without oral argument. FED. R. CIV. P. 78; Local Rule 7-15. After considering the moving papers, and for the reasons set forth below, the Court hereby DENIES Plaintiff's Motion for Recusal.

## I.    BACKGROUND

The following facts are alleged in the First Amended Complaint ("FAC") and the exhibits attached to the FAC. Plaintiff is permanently disabled following the amputation of his leg. FAC

¶ 3. Plaintiff alleges that the "prosthetics industry" discriminates against disabled persons because of restrictions on who can buy and sell prosthetic devices and the circumstances under which an insurance company will pay for such a device. *Id.* ¶¶ 4. In sum, his FAC avers that Plaintiff attempted to repair a prosthetic knee, received a quote for the repair and then shipped the knee and a check to be repaired. Following numerous changes of addresses, prompting concerns, the knee was returned to him, with his check and an explanation that the facility accreditation requirements had not been met. FAC, Ex. 5, 7.

Plaintiff's FAC alleges causes of actions under the Americans with Disabilities Act (ADA),and for Malicious Prosecution, Abuse of Process, Specific Performance, and for Injunctive Relief and Damages for Fraud, Breach of Covenant of Good Faith and Fair Dealing, Unfair Business Practices, Interference with Prospective Economic Advantage, and for Declaratory Relief (Docket 3).

Plaintiff now asks that the Court vacate its June 27, 2011 Order and recuse itself from the case. It is unclear which Order to which Plaintiff directs his objections. At times, he references a June 27, 2011 Order and at other times a June 20, 2011 Order. *See* Motion for Recusal, 2-3. Out of an abundance of caution, the Court has reviewed all of the Orders in this case.

## II.    LEGAL STANDARD

Section 455 provides that a federal judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The section is subject to an objective standard and recusal is appropriate when a knowledgeable member of the public would reasonably question the judge's impartiality. *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001). In addition, under 28 U.S.C. § 455(b), a judge shall disqualify himself or herself "[w]here he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

## III.    DISCUSSION

Plaintiff's Motion appears to allege that Judge Guilford and one of the defendants, Robert L. Green, are "well acquainted" friends, simply because Green was a partner at a law firm and

Judge Guilford was once the president of the Orange County Bar Association. Motion, 5. He offers no evidence whatsoever to support this contention and does not offer any support for his allegations of bias by Judge Guilford.

The fact that Judge Guilford has ruled against Plaintiff does not mean that he is biased against him; if this logic were correct then any party who loses a motion would have cause to request a disqualification of the judge. Plaintiff has not shown any reason for vacating any of the Court's prior Orders, nor has he demonstrated any basis for Judge Guilford's recusal.

Plaintiff's Motion for Recusal must be denied. Judge Guilford's impartiality cannot reasonably be questioned.

**IV.    DISPOSITION**

In light of the above, Plaintiff's Motion for Recusal is DENIED.

IT IS SO ORDERED.

DATED: July 6, 2011

_David O. Carter_
_____
DAVID O. CARTER
United States District Judge

3